[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Parties were married on July 18, 1953, at Schenectady, New York.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved. CT Page 53
The court has considered all the statutory criteria contained in Conn. Gen. Stat. 46b-81 and 46b-82 and enters the following orders:
1. The plaintiff shall quitclaim all his right, title and interest to the property located at 54 Johnson Road, Hamden, to the defendant. The defendant shall be responsible for all costs associated with ownership of the home.
2. The plaintiff shall pay as alimony to the defendant until the death of either party or the defendant's remarriage $4167.00 per month, commencing January 1, 1991. Said order is subject to a contingent wage withholding.
3. The plaintiff shall, for so long as he is obligated to pay alimony, maintain for the benefit of the wife unencumbered life insurance in the amount of $225,000.00.
4. The plaintiff shall maintain for the benefit of the wife, her current medical coverage, for three years from the date of judgment, at his expense.
5. The plaintiff shall cooperate in obtaining and maintaining for the defendant a "porch membership" at the New Haven Country Club, the expense of which shall be paid by the defendant.
6. Each party shall be responsible for the liabilities indicated on his or her financial affidavit. The plaintiff shall be responsible for sums due, including penalty or interest on any of the parties' joint tax returns and shall indemnify and hold harmless the defendant thereon.
7. The plaintiff shall pay to the defendant, within six (6) months of judgment, $25,000.00.
8. The plaintiff shall pay to the defendant as allowance for counsel fees $7000.00 within ninety (90) days of judgment.
9. Each party shall retain the items of personal property currently in their possession except that the plaintiff is awarded the items on Exhibit A of his proposed orders, except for the silver place settings and the bed in Herbert's room which shall remain the property of defendant.
10. Except as otherwise ordered, each party shall retain the property listed on their respective financial affidavits.
By the Court: ELAINE GORDON, JUDGE. CT Page 54